**UNITED STATES BANKRTUPCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No. 09-51303 |
| REBECCA J. BEITER | : | Chapter 13 |
| Debtor. | : | Judge PRESTON |
| | : | |
| REBECCA J. BEITER | : | Adv. Pr. No. 2:15-ap-02195 |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| CHASE HOME FINANCE, LLC and JP MORGAN CHASE BANK, N.A. | : | |
| Defendants. | : | |

**PLAINTIFF REBECCA J. BEITER'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS CLASS ACTION COMPLAINT, OR IN THE ALTERNATIVE, TO STRIKE CLASS ALLEGATIONS [DOC. 13]**

**I.     INTRODUCTION**

Plaintiff Rebecca J. Beiter ("Ms. Beiter"), through counsel, respectfully requests the Court deny Defendant JPMorgan Chase Bank, N.A., individually and as successor by merger to Chase Home Finance, LLC ("Chase")'s Motion to Dismiss Class Action Complaint or, in the Alternative, to Strike Class Allegations. [Doc. 13.]  Chase's Motion misinterprets the law in the Sixth Circuit, attempts to create confusion where there is none, and prematurely attempts to strike class allegations that are properly pled.

Since the successful completion of Ms. Beiter's confirmed Chapter 13 Bankruptcy Plan, Chase has demanded thousands of dollars in unexplained and/or discharged fees, threatened her with foreclosure, refused to update and/or consider her account as current, and has continuously

1

sent her uncorrected mortgage statements indicating the account was still in "active bankruptcy" post-discharge. Chase has done this despite accepting every one of Ms. Beiter's post-discharge payments that were for more than the required amount pursuant to her Chapter 13 Plan. As a result, Ms. Beiter filed the Complaint [Doc. 1], on behalf of herself and all others similarly situated, seeking contempt charges against Chase for its violations of the discharge injunction imposed by § 524 of the Bankruptcy Code, and requesting damages and injunctive relief in the form of sanctions against Chase for its contempt.

Ms. Beiter properly filed an adversary proceeding in this Court after it found good cause to reopen her bankruptcy case to allow her to do so. [*In re Beiter*, 09-51303 [Doc. 74].] Ms. Beiter did not and is not attempting to file a private action against Chase in a U.S. District Court. Although Chase argues that Ms. Beiter fails to state a claim upon which relief can be granted because there is no private right of action for violations of the discharge injunction, what Chase fails to realize is that the mere fact Ms. Beiter requests damages in addition to/in the form sanctions does not somehow convert the suit into a private action. Ms. Beiter's commencement of an adversary proceeding to redress violations of the discharge injunction is indeed a proper mechanism in which to request the relief Ms. Beiter seeks under Federal Rule of Bankruptcy Procedure 7001. As a result, the Complaint should not be dismissed.

Despite Chase's alternative argument, Ms. Beiter's Complaint should also not be treated as an individual motion for civil contempt with all class claims stricken. Chase's arguments in support of its alternative request appear to be based on the premise that Ms. Beiter's class allegations arise from a court-specific order, which is not the case. Ms. Beiter has also sufficiently defined the proposed Classes at this stage to survive Chase's premature motion to strike under Federal Rule of Civil Procedure 23, and therefore Chase's motion should be denied in its entirety.

2

## II. BACKGROUND

Ms. Beiter filed the Class Action Complaint for Violation of § 524 Discharge on October 5, 2015. [Doc. 1.] The allegations in the Complaint stem from Chase's failure to comply with Ms. Beiter's Chapter 13 discharge, pursuant to 11 U.S.C. § 1328(a), and Chase's multiple systematic violations of the discharge injunction imposed by § 524 of the Bankruptcy Code. [*Id.*]

More specifically, Ms. Beiter alleges that she filed a voluntary petition for bankruptcy under Chapter 13 on February 13, 2009. [*Id.* at ¶ 13.] At that time, Ms. Beiter was current on her mortgage loan payments. [*Id.* at ¶ 15.] The Court confirmed Ms. Beiter's Chapter 13 Plan on April 28, 2009, which included Chase's secured proof of claim showing a total amount due on her mortgage loan of $89,598.82. [*Id.*, ¶¶ 18-20.] After making all of her monthly payments and successfully completing her confirmed Chapter 13 Plan in February 2014, the Chapter 13 Trustee filed a Motion to Deem Mortgage Current Mortgage Current on February 10, 2014. [*Id.*, ¶¶ 22, 26-28.] On March 13, 2014, the Court granted the Trustee's motion and deemed Ms. Beiter current on her mortgage as of the Final Payment Date in February 2014. [*Id.*, ¶¶ 32-33.] The Court also granted Ms. Beiter a discharge under 11 U.S.C. § 1328(a) on March 13, 2014. [*Id.* at ¶ 31.] Her case was subsequently closed on May 27, 2014. [*Id.* at ¶ 38.]

Ms. Beiter's case was reopened to correct an administrative error unrelated to this matter in July 2014 and closed shortly thereafter on September 9, 2014. [Doc. 1 at ¶ 39; *In re Beiter*, 09-51303 [Docs. 68-72].] Chase's attempt to use this fact to shift the focus from its own egregious behavior is absurd. [*See* Def.'s Mot. to Dismiss, p. 4.] It is clear from the Complaint Ms. Beiter did not "admit" any of Chase's violations were due to her own actions or inactions, and she certainly made no "concessions" regarding any "confusion." [*Id.*] While it is true Ms. Beiter did not make a July '14 payment directly to Chase because she did not know whether she

3

would have to instead pay the Trustee again, Ms. Beiter has otherwise made consecutive monthly mortgage payments every month post-discharge directly to Chase at her local Coshocton, Ohio Chase branch, ***all of which Chase has accepted***. [Doc. 1, ¶¶ 37, 39-40, 56, 69.]  Yet, Chase inexplicably continues to demand several thousands of dollars are due. [*Id.*, ¶¶ 41, 58-63, 66-67.]

Chase's latest suggestion that its actions are "inadvertent," somehow alleviating it from being held accountable and sanctioned for discharge violations, is just as unreasonable. [Def.'s Mot. to Dismiss, p. 4, fn. 2.]  The case cited by Chase in support of its argument is also easily distinguishable. [*Id.*]  In *In re Norris*, Adv. No. 11-6089, 2012 WL 2792455 (Bankr. N.D. Ohio 2012), where the plaintiffs commenced an adversary proceeding for violations of the § 524 injunction, the Defendants immediately corrected their mistake in personally naming plaintiffs in a foreclosure action post-discharge (by amending the complaint to be an "*in rem*" foreclosure) before plaintiffs even moved to reopen their bankruptcy case.  Here, there has been no attempt by Chase to resolve any of the errors made to Ms. Beiter's account, even after Ms. Beiter's multiple attempts to have her account corrected. [Doc. 1, ¶¶ 45-57.]

As a result, the Complaint also alleges that during the pendency of Ms. Beiter's bankruptcy and since her discharge, Ms. Beiter has received misleading mortgage statements containing unexplained late fees and showing she owed/owes several thousands of dollars. [*Id.*, ¶¶ 23-25, 30, 41.]  And, following her discharge, Ms. Beiter's mortgage statements continued to state her account was in "active bankruptcy." [*Id.* at 42.]  For example, as of July 1, 2015, Ms. Beiter's mortgage statement indicated her account was still in bankruptcy, contractually due for December 1, 2014, and the total amount due was $7,305.23. [*Id.* at 58.]

Ms. Beiter further alleges that despite her payments, and even after she and her bankruptcy attorney communicated directly with Chase's representatives on numerous occasions confirming Ms. Beiter's bankruptcy had been completed and discharged, Ms. Beiter also

4

received a conflicting July 2015 statement demanding $6,494.88 [*Id.*, ¶¶ 34-37, 40, 45, 47, 49-50, 53-57, 59], as well as letters from Chase dated July 9, 2015 threatening foreclosure unless she paid $5,296.05. [*Id.* at ¶ 60.] In fact, since July 2015, Ms. Beiter has continued receiving conflicting correspondence from Chase, informing her that her account was delinquent or in default, and demanding different amounts in order to cure the purported default. [*Id.*, ¶¶ 61-68.]

On August 5, 2015, Ms. Beiter filed a motion to reopen her bankruptcy case for the stated purpose of permitting her to file an Adversary Proceeding, on behalf of herself and all others similarly situated, to hold Chase responsible for its failure to comply with the discharge injunction and orders of this Court. [*See In re Beiter*, 09-51303 [Doc. 73].] Chase was properly served a copy of the motion, but filed no response or objection within the provided 21 days. [*Id.*] The Court granted Ms. Beiter's motion on September 4, 2015. [*Id.* at Doc. 74.]

As a result of Chase's actions during Ms. Beiter's bankruptcy and following her discharge, Ms. Beiter filed the Complaint alleging, upon her personal knowledge, the investigation of her counsel, and information and belief, that Chase has a uniform set of policies and/or procedures to service mortgage loans, including those in bankruptcy, and that Chase has routinely failed to correct its records to account for Chapter 13 bankruptcy plan payments and discharges. [Doc. 1, ¶¶ 75-81.] The Complaint further states Chase wrongfully continues collecting and attempting to collect inflated and/or discharged fees from similarly situated debtors, and that there is a sufficient number of other debtors that have experienced at least similar violations of the § 524 discharge injunction by Chase such that both a Nationwide Class and Southern District of Ohio Class may be formed. [*Id.*, ¶¶ 82-107.]

Importantly, the Complaint also specifically alleges that Chase has failed to follow not only this Court's Orders, but also the Federal Bankruptcy Rules. [*Id.*, ¶¶ 34-35, 43-44, 70, 72-73, 78-85, 111-122, 124.] Ms. Beiter seeks relief that includes the recovery of money and other

5

damages in the form of sanctions against Chase for its contempt/violations of the Bankruptcy Code. [*Id.*, ¶¶ 4, 86, 125-126.] Chase filed its Motion to Dismiss Class Action Complaint, or in the Alternative, to Strike Class Allegations on December 14, 2015 [Doc. 13], and Ms. Beiter now submits this Memorandum in Opposition to the same for the reasons articulated below.

### III. LAW & ARGUMENT

#### a. Ms. Beiter's contempt action regarding Chase's violations of the discharge injunction may be adjudicated as an adversary proceeding.

Ms. Beiter properly initiated an adversary proceeding for Chase's violations of the discharge injunction under § 524, and the Complaint is not "barred by controlling Sixth Circuit precedent" as Chase contends. (Def.'s Mot. to Dismiss, p. 6.) Where an order granting a discharge is entered, as it was in this case and in every other putative class members' instance, § 524(a) of the Bankruptcy Code automatically sets forth an injunction. 11 U.S.C. § 524(a)(2). While the Sixth Circuit Court of Appeals has found that §524 does not expressly or impliedly confer a "private right of action" upon a debtor for violations of the discharge injunction, the Court did not suggest that an aggrieved debtor is without a remedy to recover damages from a creditor who has violated the injunction. *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417 (6th Cir. 2000)(affirming dismissal of a class action complaint brought in the U.S. District Court for the Eastern District of Michigan – not in a bankruptcy court like is the case here.) In fact, the Bankruptcy Appellate Panel has since cited *Pertuso* when finding that "[w]hile there is no private right of action for violation of the discharge injunction, debtors may bring civil contempt charges against a party they allege has violated the injunction, and if contempt is established, they may be awarded damages as a sanction for that contempt." *Badovik v. Greenspan (In re Greenspan),* 464 B.R. 61 (6th Cir. B.A.P. 2011), citing *Pertuso*, 233 F. 3d at 421-23. As stated in the Complaint, this is exactly what Ms. Beiter seeks to do. [Doc. 1.]

6

Further, it has long been recognized that "[t]he power to punish for contempts is inherent in all courts." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44, 111 S. Ct. 2123, 2132, 115 L. Ed. 2d 27 (1991), *quoting Ex Parte Robinson*, 86 U.S. 505, 510, 22 L.Ed. 205 (1847). "This power reaches both conduct before the court and that beyond the court's confines[.]" *Id*. Also, in the bankruptcy context, 11 U.S.C. § "105 undoubtedly vests bankruptcy courts with statutory contempt powers[.]" *Pertuso*, 233 F.3d at 421, 423 n.1. The core function of 105(a) is to provide the court with the power to implement the provisions of the Bankruptcy Code. *Ameriquest Mortgage Co. v. Nosek (In re Nosek),* 544 F.3d 34, 43 (1st Cir. 2008) ("Section 105(a) of the Code provides the bankruptcy court broad authority to exercise its equitable powers—where necessary and appropriate to facilitate the implementation of other Bankruptcy Code provisions." (internal quotations omitted).)

As result, many courts have heard contempt actions brought as adversary proceedings. *See West v. Home Savings & Loan (In re West),* Bankr. N.D. Ohio No. 13-33815, 2015 WL 3962569 (Bankr. N.D. Ohio June 29, 2015); *Kilbourne v. CitiMortgage, Inc. (In re Kilbourne)*, 507 B.R. 219 (Bankr. S.D. Ohio 2014); *Motichko v. Premium Asset Recovery Corp. (In re Motichko),* 395 B.R. 25, 32 (Bankr. N.D.Ohio 2008); *Miles v. Clarke (In re Miles),* 357 B.R. 446 (Bankr. W.D. Ky. 2006); *Brannan v. Wells Fargo Home Mortgage, Inc. (In re Brannan)*, 485 B.R. 443, 455 (Bankr. S.D. Ala.2013); *Collins v. Wealthbridge Mortg. Corp. (In re Collins),* 474 B.R. 317, 319 (Bankr. D. Me.2012); *Canning v. Beneficial Maine, Inc. (In re Canning),* 442 B.R. 165 (Bankr.D.Me.2011), *aff'd* 462 B.R. 258 (B.A.P. 1st Cir. 2011), *aff'd* 706 F.3d 64 (1st Cir.2013); *Palazzola v. City of Toledo (In re Palazzola)*, 2011 WL 3667624, *11 (Bankr. N.D. Ohio 2011).[1]

---

[1] Note that most of these cases were decided **after** the *Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 116 (9th Cir. 2011) case in which Chase relies.

Chase's attempt to distinguish this case from some of the cases cited above falls flat, as Chase identifies no real prejudice in allowing Ms. Beiter to proceed via adversary complaint instead of by motion under Rule 9014. [*See* Def's Mot. to Dismiss, p. 8, fn. 3.] The fact that the Complaint includes class action allegations alone is in no way demonstrative of prejudice, and Chase cites to no case law to suggest otherwise. [*Id.*] Not only does Fed. R. Bankr. P. 7023 specifically make class action procedures under Fed. R. Civ. P. 23 available in adversary proceedings, but Fed. R. Bankr. P. 9014(c) also allows a court to apply Rule 7023 in a contested matter. *Reid v. White Motor Corp.,* 886 F.2d 1462, 1469-70 (6th Cir. 1989)("Rule 9014 authorizes bankruptcy judges, within their discretion, to invoke Rule 7023, and thereby Fed. R. Civ. P. 23, the class action rule, to 'any stage' in contested matters[.]" In other words, Chase will be facing the class claims in either context.

Moreover, although the traditional way to bring an action for contempt for violation of a discharge injunction is by motion,[2] Fed. R. Bankr. P. 7001(1) and (7) identifies "proceeding[s] to recover money…" and "proceeding[s] to obtain an injunction or equitable relief…" as adversary proceedings, and the Complaint seeks both of these things. [Doc. 1, ¶¶ 86, 126.] Finally, in interpreting the Sixth Circuit's finding in *Pertuso*, this Court has also specifically stated:

> "This Court, however, does not interpret the Sixth Circuit Court of Appeal's holding to stand for the proposition that an action for violation of the discharge injunction may only be brought by motion; *Pertuso* only dictates that a contempt proceeding be initiated in the bankruptcy court which issued the discharge. Accordingly, commencement of an adversary proceeding to redress a violation of the discharge injunction may be proper, if the adversary is initiated in the court that issued the discharge order.

*Kilbourne*, 507 B.R. at 222-23. Here, unlike *Pertuso*, Ms. Beiter did not file a direct claim against Chase in a U.S. District Court. Ms. Beiter properly initiated this proceeding in the court where her discharge was granted, and now she seeks to represent all others similarly situated that

---

[2] Fed. R. Bankr. P. 9014(a) provides that relief in "… a contested matter *not otherwise governed by these rules*" shall be requested by motion. (emphasis added).

had the *same* discharge granted under § 1328(a) (and consequent injunction activated that Chase violated).  Therefore, this matter is suitably before the Court as an adversary proceeding and should not be dismissed.

> **b. Even if the Court were to consider the Complaint a "motion for civil contempt," the class claims are appropriate, properly pled at this stage of the litigation, and should not be stricken.**

First, Chase's request to strike the class claims pursuant to Federal Rule of Civil Procedure 23(d)(1)(D), which provides that a court may "require that the pleadings be amended to eliminate allegations about representations of absent persons" is improper.  Fed. R. Civ. P. 23(d)(1)(D).  "A Rule 23(d)(1)(D) order to strike class allegations is appropriate only after the court rules that class treatment is improper-*such as after the court denies class certification*." *Faktor v. Lifestyle Lift,* No. 1:09-CV-511, 2009 WL 1565954, at *1 (N.D. Ohio June 3, 2009), quoting 5–23 Moore's Federal Practice—Civil § 23.145 (emphasis added).  Therefore, "[a] motion to strike class allegations is not a substitute for class determination and should not be used in the same way." *Faktor* at *2.

Additionally, motions to strike class allegations, generally, and based solely on the pleadings, are disfavored.  *See Chenesky v. N.Y. Life Ins. Co.*, No 07-CV11504, 2011 WL 1795305 (S.D.N.Y. Apr. 27, 2011); *see also Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 59 (1st Cir. 2013).  Although it is true a court may strike class allegations if the complaint clearly demonstrates a class action cannot be maintained (*see, e.g. Pilgrim v. Univ. Health Card, LLC*, 660 F.3d 943, 945 (6th Cir. 2011), that is not the case here, where it is evident from the Complaint that the alleged Classes satisfy the requirements of Fed. R. Civ. P. 23. [Doc. 1, ¶¶ 88-106.]  Specifically, Ms. Beiter properly alleges the Classes are numerous, there are common questions of law or fact among the Classes, Ms. Beiter's claims are typical of the Classes, and she will adequately protect the interests of the Classes, thereby satisfying the requirements of

Rule 23(a). [*Id*., ¶¶ 91, 95-96, 98-100.] The Complaint also alleges facts in support of Rule 23(b), which Ms. Beiter can elaborate on after she has had the opportunity to complete discovery and move for class certification. [*Id*., ¶¶ 94-97, 102, 104-107.] Therefore, not only are Chase's arguments regarding the appropriateness of the class allegations premature, but it is also clear from the face of the Complaint that the proposed Classes would satisfy the requirements of Rule 23 at the pleading stage, and therefore Chase's Motion to Strike the same should be denied.

Finally, for the reasons already stated herein, the Complaint should not be treated as a motion for civil contempt. However, even if the Court were to grant Chase's request and this case was re-filed or continued as a contempt motion, Chase ignores the fact that a court within the Sixth Circuit has recently held that contempt motions can too proceed as class actions. *See In re Biery*, No. 10-23338, 2014 WL 1431947 (Bankr. E.D. Ky. April 14, 2014); *In re Biery*, 2015 WL 8608804 (Bankr. E.D. Ky. December 11, 2015)(class certification motion granted in part).

In any event, Chase's argument that treating this case as a class action is improper because this Court cannot consider whether Chase violated orders issued in other cases by other judges is also misplaced. [Def.'s Mot. to Dismiss at p. 13.] "There is *** a fundamental difference between the normal injunction issued by a court after considering the factors required to be applied in issuing an injunction order and the injunction created by Congress in Section 524(a)[.]" *In re Haynes*, No. 11-23212 (RDD), 2014 WL 3608891, at *8 (Bankr. S.D.N.Y. July 22, 2014)("Section 105(a) "does not refer to aiding the Court's *own* jurisdiction."(emphasis added).) Therefore, under the Bankruptcy Code, the § 1328(a) discharge awarded to Ms. Beiter and other debtors throughout the country following the successful completion of confirmed Chapter 13 Bankruptcy Plans, as well as the injunction that is automatically activated by that discharge, are the same nationwide, and so are Chase's actions violating the injunction.

10

Consequently, although Chase argues there "is no blanket injunction that was issued" in this case, Chase is mistaken because § 524 is a specifically that. [Def.'s Mot. to Dismiss at p. 13.] Chase also agrees that the "discharge injunction only applies to debts that were discharged by the bankruptcy proceeding[,]" [*Id.*, citing *In re Martin*, 474 B.R. 789, *5 (6th Cir. 2012)], and here, the proposed Classes specifically refer to those debtors who successfully received Ch. 13 discharges – hence, automatically activating the 524 injunction. [Doc. 1, ¶¶ 89, 98-99.]

Accordingly, Chase's arguments in support of its alternative motion to strike are improper, more properly deferred to the class certification stage, and flawed. Ms. Beiter therefore respectfully requests Chase's motion to strike be denied.

## IV.   CONCLUSION

For the foregoing reasons, Chase's Motion [Doc. 13] should be denied in its entirety. Ms. Beiter properly brought her contempt action as an adversary proceeding, and this Court not only has authority to consider a class action in any context, but the Complaint alleges sufficient facts to describe the prospective Classes at this stage of the litigation.

Respectfully Submitted,
DOUCET & ASSOCIATES CO., L.P.A.


*s/ Troy J. Doucet*
Troy J. Doucet, Trial Counsel (0086350)
Bridget M. Wasson (0084457)
700 Stonehenge Parkway, Suite 200B
Dublin, Ohio 43017
Telephone: (614) 944-5219
Facsimile: (818) 638-5548
Troy@TroyDoucet.com
Bridget@TroyDoucet.com

*Attorneys for Plaintiff Rebecca J. Beiter*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 18, 2016, a copy of the foregoing Motion was served on the following registered ECF participants **electronically** through the court's ECF system at the email registered with the court pursuant to Fed.Civ.R.P.5(b)(3):

David M. Whittaker, Esq.
Kenneth C. Johnson, Esq.
BRICKLER AND ECKLER LLP
100 South Third Street
Columbus, Ohio 43215
dwhittaker@brickler.com
kjohnson@brickler.com

The following additional party was served with the foregoing via prepaid U.S. mail on this 18th day of January, 2016, pursuant to Fed.Civ.R.P.5(b)(2)(C):

Kenneth M. Kliebard, Esq.
MORGAN, LEWIS & BROCKIUS LLP
77 West Wacker Drive, Suite 500
Chicago, Illinois 60601-5094

                                                 *s/ Troy J. Doucet*
                                                 Troy J. Doucet (0086350)