**UNITED STATES BANKRTUPCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No. 09-51303 |
| REBECCA J. BEITER | : | Chapter 13 |
| Debtor. | : | Judge PRESTON |

| | | |
|---|---|---|
| | : | |
| REBECCA J. BEITER | | Adv. Pr. No.  2:15-ap-02195 |
| 178 Valley View Drive | : | |
| Coshocton, OH 43812 | | |
| | : | |
| On behalf of Herself and all Others | | |
| Similarly Situated | : | |
| | | |
| Plaintiff, | : | |
| | | |
| v. | : | |
| | | |
| CHASE HOME FINANCE, LLC and | : | |
| JP MORGAN CHASE BANK, N.A. | | |
| c/o CT Corporation System | : | |
| 1300 East Ninth Street | | |
| Cleveland, OH 44114 | : | |
| | | |
| Defendants. | : | |

**FIRST AMENDED AND CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff/Debtor Rebecca J. Beiter ("Plaintiff" or "Ms. Beiter"), individually and on

behalf of all others similarly situated, institutes this action against the Defendants Chase Home

Finance, LLC and JP Morgan Chase Bank, N.A. (collectively referred to as "Defendants" or

"Chase") upon her personal knowledge, the investigation of her counsel, and information and belief as follows:

## I.      NATURE OF ACTION

1.  Plaintiff is one of the many victims of Chase's systematic practice of improperly applying and accounting for post-petition mortgage payments made as part of confirmed Chapter 13 Bankruptcy Plans.  Due to Chase's failure to comply with bankruptcy court orders and incorrectly crediting payments received according to the terms of confirmed plans, Plaintiff and other debtors' accounts were never appropriately considered current after receiving discharges, and they never received the fresh start they deserved and expected after successfully completing their bankruptcies.

2.  Chase continued attempting to collect (and collecting) additional sums of money from Plaintiff and debtors following successful completion of their Chapter 13 Bankruptcy Plans.  Here, Chase continued to demand large payments from Plaintiff after this Court entered an Order to make Plaintiff's mortgage loan current due to payments that Chase misapplied during Plaintiff's Chapter 13 Bankruptcy.

3.  Chase not only blatantly ignored this Court's Order discharging Plaintiff under Section 1328(a) of the United States Bankruptcy Code, but it also ignored Plaintiff's persistent requests to update her account, and disregarded notices from her previous bankruptcy counsel explaining that Plaintiff's bankruptcy had been completed and discharged.

4.  Despite receiving a Chapter 13 discharge and a Deem Current Order, Chase never adjusted Plaintiff's account to reflect Plaintiff as current and continued to inappropriately demand thousands of dollars post-discharge.

5. Chase's Policies and Procedures have resulted in a violation of this Court's Deem Current Order for every mortgage loan account where Chase is a creditor and received a deem current order from the Southern District of Ohio by failing to review amortization schedules pursuant to this Court's orders to ensure that the principal balance reflects the principal balance in the original amortization schedule as of the date the Order is issued.

6. Chase also increased Plaintiff's and other debtor's monthly payment without notifying or obtaining permission from the Bankruptcy Court in violation of Federal Rule of Bankruptcy Procedure 3002.1.

7. This illegal increase in payment resulted in Chase collecting $69.81 above and beyond Plaintiff's monthly mortgage payments.

8. Chase's misapplication of payments during the pendency of Plaintiff's bankruptcy resulted in Chase accumulating a $236.78 suspense balance at the time of Plaintiff's discharge and Chase did not inform the Court, Plaintiff, or the Trustee.

9. This adversary proceeding is thereby commenced by Plaintiff, by and through her attorneys, for sanctions to be imposed against Chase in the form of a declaratory judgment, injunctive relief, and damages arising out of Chase's systematic practice of violating the discharge injunction under Section 524(a)(2) of the Bankruptcy Code, 11 U.S.C. Sections 101 *et seq*. by (1) willfully failing to credit payments received according to the terms of confirmed Chapter 13 plans and (2) collecting and attempting to collect debts no longer due and owing because they have been discharged in bankruptcy.

10. Plaintiff also brings this action for sanctions to be imposed against Chase for its systematic practice of accumulating funds belonging to the estate throughout bankruptcy and failing to notify the debtor, the Court, or the Trustee of these funds pursuant to 11 U.S.C. § 541 and 11 U.S.C. § 1306.

11. Plaintiff also brings this action for sanctions to be imposed against Chase for its systematic practice of violating Federal Rule of Bankruptcy Procedure 3002.1 by changing Debtor's monthly mortgage payments without providing the notice required by Rule 3002.1.

## II.   JURISDICTION AND VENUE

12. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b) and General Order 05-02 entered in this District.

13. This is also a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## III.   PARTIES

15. Plaintiff Rebecca J. Beiter is a natural person currently residing at 178 Valley View Drive, Coshocton, Ohio 43812, which is within this Court's jurisdiction.

16. Defendant Chase Home Finance, LLC was a residential mortgage loan originator and servicer.  Chase Home Finance, LLC was a Delaware corporation headquartered in New Jersey, and at the time Plaintiff entered into her Chapter 13 Bankruptcy, was a wholly-owned subsidiary of JPMorgan Chase Bank, N.A.  Upon information and belief, in or around May 2011, Chase Home Finance, LLC was merged with and into Defendant JPMorgan Chase Bank, N.A.[1]

17. Defendant JP Morgan Chase Bank, N.A. is a national banking association and a wholly owned subsidiary of JPMorgan Chase & Co, which is headquartered in New York, New York.  As the surviving entity as a result of the merger with Chase Home Finance, LLC, JPMorgan Chase Bank, N.A. is named as a defendant in this action both in its own

---

[1] http://www.occ.gov/static/interpretations-and-precedents/may11/ca996.pdf

capacity and as successor-in-interest to Chase Home Finance, LLC.  JPMorgan Chase

Bank, N.A. regularly conducts business in this District and throughout the United States.

## IV.   GENERAL FACTUAL ALLEGATIONS

18. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated

herein.

19. On or around May 25, 2004, Plaintiff executed a note and mortgage ("Mortgage Loan")

with Chase in order to purchase a home located at 178 Valley View Drive, Coshocton,

Ohio 43812.

20. On February 13, 2009, Plaintiff filed a voluntary petition under Chapter 13 of the

Bankruptcy Code.

21. That bankruptcy case was denominated *In re Rebecca J. Beiter*, Case No. 09-51303 and

assigned to Judge C. Kathryn Preston.

22. At the time the case was opened, Plaintiff was current on her Mortgage Loan payments.

23. Since the date of filing, Plaintiff has been a debtor and subject to the jurisdiction of this

Court.

24. Chase was duly scheduled as a secured creditor, and received proper notice of Plaintiff's

bankruptcy case.

25. On March 5, 2009, Chase filed a secured proof of claim showing a total amount due on

the Mortgage Loan of $89,598.82.  (Claim No. 9.)

26. Chase's claim was provided for in Plaintiff's Chapter 13 Plan.

27. Plaintiff's Chapter 13 Plan was confirmed on April 28, 2009.  (Doc. 26.).

28. Pursuant to the terms of the confirmed Chapter 13 Plan and any filed proofs of claim, any default in the Mortgage Loan obligation was to be cured, and regular, post-petition mortgage payments were to be paid to Chase through the Trustee by 'conduit.'

29. Plaintiff made all of her monthly payments to the Chapter 13 Trustee, pursuant to the confirmed Chapter 13 Plan.

30. Chase misapplied five of Ms. Beiter's payments in 2011, resulting in significant errors to Ms. Beiter's account.

31. Despite all of her timely, monthly payments made through the Chapter 13 Trustee, Plaintiff continued receiving billing statements in the mail throughout her bankruptcy that included new $24.66 late charge fees and stated that several thousands of dollars was due and owing. (*See* true and accurate copies of mortgage statements attached as Exhibit A.)

32. Plaintiff's mortgage statements attached as Exhibit A consistently show that Plaintiff's Mortgage Loan account was inexplicably past due (both per her contract and post-petition).

33. Chase admits it failed to properly post several payments to Ms. Beiter's account, resulting in the erroneous statements.

34. Plaintiff successfully completed her Chapter 13 Plan in or around February 2014 ("Final Payment Date").

35. Over the course of Plaintiff's Plan, the Chapter 13 Trustee disbursed sufficient funds to cure any default in Plaintiff's mortgage obligation and satisfy all regular post-petition mortgage payments owed through February 2014.

36. The Trustee filed a Motion to Deem Mortgage Current on February 10, 2014. (Doc. 60.)

37. Plaintiff was instructed to make mortgage payments in the amount of $787.08 directly to Chase beginning in the month following the Final Payment Date. (Exhibit B.)

38. However, in or around early March 2014, Plaintiff received a mortgage statement in the mail from Chase indicating her total monthly payment was to be $810.35. (<u>Exhibit C</u>.)

39. On March 13, 2014, this Court granted Plaintiff a discharge under 11 U.S.C. § 1328(a). (Doc. 63.)

40. On March 14, 2014, this Court entered an Order Granting Trustee's Motion to Deem Mortgage Current. (Doc. 64.)

41. Accordingly, this Court Ordered that, as of the Final Payment Date:

   a. All pre-petition arrearage claims of Chase were paid in full through the confirmed Chapter 13 Plan;

   b. All regular, post-petition mortgage payments were made by the Trustee through the Final Payment Date as per the motion, and all such "conduit" payments were deemed to have been made on a timely basis;

   c. The mortgage obligation to Chase was deemed current as of the Final Payment Date; and

   d. Chase was required to adjust its loan balance to reflect the balance delineated in the original amortization schedule as of the Final Payment Date, and any amounts in excess of that balance, including any alleged arrearages, costs, fees or interest were thereby discharged pursuant to 11 U.S.C. § 1328.

42. Despite the fact any pre-petition Mortgage Loan arrearages were paid in full and all post-petition mortgage payments were made on a timely basis, Chase took no action to correct its records by updating Plaintiff's account accordingly.

43. Despite the fact Plaintiff's Mortgage Loan was deemed current, Chase took no action to correct its records by updating Plaintiff's account per the Court's Order.

44. Chase's policies and procedures do not require the bank to review the original amortization schedule to ensure the principal balance when exiting bankruptcy reflects the balance delineated in the original amortization schedule.

45. In January of 2014, Chase increased Plaintiff's monthly mortgage payment without notifying the Court or obtaining permission, in violation of Federal Rule of Bankruptcy Procedure 3002.1.

46. Plaintiff made her March 2014 mortgage payment directly to Chase at her local Coshocton, Ohio Chase branch in the amount it demanded, $810.35.  (A true and accurate copy of the payment made is attached as Exhibit D.).

47. Plaintiff also made her April, May and June 2014 Mortgage Loan payments directly to Chase at her local Coshocton, Ohio Chase branch in the amounts of $810.35 each.

48. Plaintiff's bankruptcy case closed on May 27, 2014.

49. In July 2014, Plaintiff's case was reopened to correct an administrative error that is unrelated to this matter.  While the case was reopened, Plaintiff did not know whether to continue making mortgage payments to Chase directly or whether she would have to pay the Trustee again.  As a result of this confusion, Plaintiff missed one payment post-discharge in July 2014.

50. Plaintiff has otherwise made consecutive monthly mortgage payments since every month through the date of this complaint, *all of which Chase has accepted*.

51. However, every month following her discharge, Plaintiff continued to receive incorrect, misleading mortgage statements, containing unexplained late fees and showing she owed/owes several thousands of dollars.  (*See, e.g.* true and accurate copies of Plaintiff's mortgage statements attached as Exhibit E.)

52. Following discharge, Plaintiff's mortgage statements also continued to state her account was in "active bankruptcy." (Exhibit E.)

53. The amounts sought to be collected by Chase in Plaintiff's mortgage statements were either lawfully discharged or incorrect due to Chase's failure to properly apply payments made during her confirmed plan.

54. The principal balance sought to be collected by Chase in Plaintiff's mortgage statements was inflated or incorrect due to Chase's failure to properly apply payments made during her confirmed plan.

55. Plaintiff attempted contacting Chase directly on numerous occasions via telephone to request an explanation regarding her account status and balance.

56. No Chase representative could ever explain or justify the varying total amounts being stated as due on her mortgage statements or whether her account was ever considered current as a result of her bankruptcy discharge.

57. Plaintiff also visited her local Coshocton Chase branch on numerous occasions, where she would explain her situation and request explanations, but no one could ever assist her or fix her account.

58. Plaintiff's mortgage statements prompted Plaintiff to further investigate her account, so Plaintiff also contacted her prior bankruptcy counsel regarding her concerns about the confusing mortgage statements showing thousands of dollars still due.

59. In October 2014, Plaintiff's bankruptcy attorney directly contacted Chase on Plaintiff's behalf, confirming Plaintiff's bankruptcy had been completed and discharged and requesting that her account be updated accordingly.  (*See* letter attached as Exhibit F (enclosure omitted)).

60. Yet, Chase continued misrepresenting Plaintiff's Mortgage Loan debt, attempting to collect discharged and/or inflated debts and failing to demonstrate whether Chase ever considered her account "current."

61. Confused and desperate to get her account updated and Mortgage Loan account corrected, Plaintiff applied to Chase for a loan modification in June 2015.

62. On or around June 12, 2015, Plaintiff visited the Coshocton Chase branch to fax loan modification paperwork and try again to clarify her balance due.

63. During that visit, and together with a Chase representative at the bank, Plaintiff called the Chase bankruptcy division, who informed Plaintiff that she owed seven (7) payments from December 2014 to June 2015.

64. Plaintiff explained that pursuant to her completion of her Chapter 13 Plan, her mortgage was to be brought current as of the Final Payment Date and Chase was not permitted to collect on fees indicated as owed.

65. Plaintiff also explained that she had made monthly payments to Chase for the months stated as being delinquent, all of which Chase accepted.

66. However, unable to resolve the matter or obtain any further information or explanation, Plaintiff left Chase frustrated, discouraged, and still confused as to the mysterious late charges and extra fees Chase was attempting to collect despite her discharge.

67. Plaintiff's mortgage statement dated July 1, 2015 indicated her account was still in "active bankruptcy," contractually due for December 1, 2014, and the total amount due was **$7,305.23**.  (Exhibit G.)

68. Plaintiff also received a July 2015 statement demanding **$6,494.88**.  (Exhibit H.)

69. Despite her continuous payments, and even after her exhaustive communications with Chase representatives regarding her account, Plaintiff received additional letters in July 2015 from Chase threatening foreclosure unless she paid **$5,296.05**.  (Exhibit I.)

70. The conflicting correspondence continued, and Plaintiff received yet another July 2015 statement inexplicably demanding **$5,683.02**. (Exhibit J.)

71. Although Plaintiff was never approved for a loan modification, she was approved for a "Repayment Plan" in August 2015, which would have required she pay back "the past-due amount with [her] regular monthly payments over an extended period of time." (Exhibit K.).

72. In fact, the Repayment Plan Chase offered would have required her to pay **$14,147.62** over 11 months. (Exhibit L.).

73. Plaintiff could not and cannot afford to pay over $1,200 per month as the Repayment Plan would require.

74. In August 2015, Plaintiff again received conflicting mortgage statements demanding different amounts as being due but not mentioning anything about bankruptcy.

75. A statement dated August 17, 2015 showed Plaintiff owed **$6,494.88**, and a statement dated August 28, 2015 showed Plaintiff owed **$5,683.02** (and also included a $14 fee for "inspection costs"). (See Exhibit M and Exhibit N, respectively.).

76. On or about September 9, 2015, Chase also called Plaintiff inexplicably demanding **$5,310.05** in order to bring her account current and telling her that she would have to "opt out" of the Repayment Plan (even though Plaintiff explained that she had never accepted it.).

77. Chase further sent Plaintiff a September 2015 statement suddenly showing Plaintiff's account was back in "active bankruptcy" and stating she was contractually due for March 2015. (Exhibit O.).

78. In an effort to avoid foreclosure, Plaintiff has continued making monthly mortgage payments to Chase.  Chase has continued accepting all of her payments.

79. Despite the fact Plaintiff received a discharge and Chase has accepted thousands of dollars from her since then, Chase has reported Plaintiff's Mortgage Loan as being delinquent or past due to credit reporting agencies.

80. As of September 2015, Chase restricted Plaintiff's use of its online services, as Plaintiff is unable to access her Mortgage Loan account online to view her Mortgage Loan account information.

81. Plaintiff finally determined that Chase misapplied five of her payments to the wrong account.

82. Chase had actual knowledge of the misapplied payments in 2014, however failed to properly administer Ms. Beiter's loan.

83. It is apparent that Chase did not obey the discharge injunction under Section 524(a)(2) of the Bankruptcy Code during and after Plaintiff's bankruptcy.

* * *

84. Chase has a uniform set of policies and/or procedures to service mortgage loans, including those in bankruptcy.

85. Chase's suspicious home loan servicing practices are well-known, as evidenced by at least two recent class action lawsuits alleging the same.[2]

---

[2] *See, e.g., Saccoccio v. JP Morgan Chase Bank, N.A.*, Case No. 13-cv-21107-FAM (S.D.Fla.) (involving allegations that Chase placed hazard insurance in a manner where Chase received an unauthorized benefit

86. Chase has also recently acknowledged its improper servicing practices to the U.S. Trustee pertaining to mortgage loans that are part of bankruptcies in particular.[3]

87. In this case, Chase has routinely failed to properly apply and/or credit payments made during confirmed Chapter 13 Bankruptcy Plans.

88. As a result, Chase continues collecting and attempting to collect inflated amounts that are a result of improper accounting of confirmed plan payments from Plaintiff and other debtors.

89. Chase has also routinely failed to correct its records following debtors' Chapter 13 bankruptcy discharges.

90. As a result, Chase continues collecting and attempting to collect amounts that were lawfully discharged from Plaintiff and other debtors.

91. Chase systematically generates and collects and/or attempts to collect inflated and/or discharged debts from Plaintiff and other similar Chapter 13 debtors.

92. Chase's conduct described herein constitutes a violation of 11 U.S.C. § 524(a)(2), which provides that a discharge in bankruptcy operates as an injunction against the commencement or continuation of any action, the employment or process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor.

---

and did so primarily to receive "kickbacks" in the form of commissions from and reinsurance agreements with other defendants.  The $300+ million settlement, which included a certified nationwide class of borrowers, received final approval on February 28, 2014); *Clements, et al v. JPMorgan Chase Bank, et al,* Case No. 3:12-cv-02179 (N.D.Cal.) (involving similar allegations as those in *Saccoccio,* but dealing with flood insurance specifically.  The $22.125 million class action settlement, which also included a certified nationwide class of borrowers, received final approval on June 6, 2014.)

[3] As part of a settlement agreement between the U.S. Trustee Program and Chase, Chase was required to pay more than $50 million, including cash payments, mortgage loan credits and loan forgiveness, to over 25,000 homeowners who are or were in bankruptcy as a result of improper practices in bankruptcy cases. *In re Belzak*, Case No. 10-23963 (E.D.Mich.) (Order Approving Settlement entered on March 9, 2015, attached here as Exhibit P).

93. Chase's methodical refusal to update its records to indicate Plaintiff and other debtors' mortgage loan accounts as current because they have been deemed so and/or because their debt has been officially discharged pursuant to 11 U.S.C.§ 1328(a) is knowing and willful and constitutes contempt of the statutory injunction of § 524.

94. Chase's failure to properly apply and account for post-petition mortgage payments made during confirmed Chapter 13 Plans violates § 524(i), which is also a violation of § 524(a)(2).

95. Chase's policies and procedures violate this Court's Deem Current Orders, which requires Chase to adjust its loan balance to reflect the balance delineated in the original amortization schedule as of the Final Payment Date, and to waive any amounts in excess of that balance, including any alleged arrearages, costs, fees or interest that were discharged pursuant to 11 U.S.C. § 1328.

96. As a result, Plaintiff seeks Chase be held in contempt and be sanctioned in the form of an injunction and be ordered to pay Plaintiff and similar debtors damages that occurred as a result of Chase's unlawful actions.

## V.    CLASS ACTION ALLEGATIONS

97. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

98. Plaintiff brings this action individually and on behalf of herself and of all other persons similarly situated (hereinafter "Southern District of Ohio Class" or "Class Members") pursuant to Federal Rule of Civil Procedure 23, by way of Fed. R. Bankr. P. 7023.

99. Plaintiff proposes the following Class definition, subject to amendment as appropriate and necessary following discovery:

SOUTHERN DISTRICT OF OHIO CLASS:

"All persons who (1) have been debtors in confirmed, completed and discharged Chapter 13 Bankruptcy proceedings since December 1, 2011 in the Southern District of Ohio; and (2) where Chase was a creditor on a mortgage loan."

DEEM CURRENT ORDER SUBCLASS

All persons included in the class definition above and where a Deem Current Order was entered on or after December 1, 2011.

Plaintiff represents, and is a member of, the Southern District of Ohio Class and Deem Current Order Subclass.

100.    Excluded from the Southern District of Ohio Class and Deem Current Order Subclass are Defendants and any entities in which Chase has a controlling interest, Chase's agents and employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, Class Counsel and their families, and claims for personal injury, wrongful death and/or emotional distress.

101.    Plaintiff does not know the exact number of members in the Southern District of Ohio Class or the Deem Current Order Subclass, but Plaintiff reasonably believes there are approximately 2,300 members of the Southern District of Ohio Class and Deem Current Order Subclass, and that the identities of those individuals can be readily determined from Chase's books and records. Therefore, the proposed Class is so numerous that joinder of all members is impracticable.

102.    Plaintiff and all members of the Southern District of Ohio Class and Deem Current Order Subclass have been harmed by the acts of Chase.

103.     This Class Action Complaint seeks contempt sanctions to be imposed upon Chase

in the form of injunctive relief, declaratory relief, and money damages paid to Plaintiff

and the Southern District of Ohio Class and Deem Current Order Subclass members.

104.     The disposition of the claims in a class action will provide substantial benefit to

the parties and the Court in avoiding a multiplicity of identical suits.

105.     Further, there are well-defined, nearly identical, questions of law and fact

affecting all parties.

106.     Such common questions of law and fact include, but are not limited to, the

following:

a.   Whether Chase violated this Court's Deem Current Orders by failing to review

Plaintiff and Class Members' amortization schedule upon a Chapter 13 discharge;

b.   Whether Chase changed a Class Members' payment without filing a Payment

Change Notice;

c.   Whether Chase failed to properly credit payments received under Plaintiff and

Class Members' confirmed Chapter 13 bankruptcy plans;

d.   Whether Chase improperly accumulated sums of Plaintiff and Class Members'

money throughout bankruptcy;

e.   Whether Chase failed to properly apply and/or account for all payments received

under Plaintiff and Class Members' confirmed Chapter 13 bankruptcy plans;

f.   Whether Chase failed to adjust principal balances properly according to all

payments received under Plaintiff and Class Members' confirmed Chapter 13

bankruptcy plans;

g.  Whether Chase failed to properly administer mortgage loans following Plaintiff and Class Members' successful completion of their confirmed Chapter 13 bankruptcy plans;

h.  Whether Chase has a system in place that automatically sends incorrect mortgage statements to Plaintiff and Class members following successful completion of confirmed Chapter 13 plans;

i.  Whether Chase systematically fails to correctly account for mortgage loans as part of the bankruptcy process;

j.  Whether Chase attempted to collect arrearages, costs, fees, other charges and/or interest that were discharged through a successful completion of a confirmed Chapter 13 plan;

k.  Whether Chase collected arrearages, costs, fees, other charges and/or interest that were discharged through a successful completion of a confirmed Chapter 13 plan;

l.  Whether Chase changed a debtor's monthly mortgage payment without filing the necessary notice with the Bankruptcy Court;

m. Whether Chase should be sanctioned for failing to follow Court orders;

n.  Whether Chase should be sanctioned for failing to abide rules outlined in the U.S. Bankruptcy Code; and

o.  Whether Chase should be enjoined from engaging in such conduct in the future.

107.    The questions of law and fact, referred to above, involving the Southern District of Ohio Class and Deem Current Order Subclass claims predominate over questions which may affect individual Class Members.

108.    As a person who successfully completed a confirmed Chapter 13 Plan, received a Deem Current Order, and still had Chase collect and attempt to collect unexplained

balances, supposed arrearages, and late fees post-discharge and after her mortgage debt was deemed current by this Court, Plaintiff asserts claims that are typical of each Southern District of Ohio Class member who also successfully completed  a confirmed Chapter 13 Plan and subsequently paid Chase or were contacted by Chase in an attempt to collect discharged debts or debts that were inflated or incorrect due to Chase's failure to properly apply and account for payments received during bankruptcy.

109.     Further, Plaintiff will fairly and adequately represent and protect the interests of the Southern District of Ohio Class.

110.     Plaintiff has retained qualified counsel experienced in handling class action claims and complex federal litigation.

111.     A class action is the superior method for the fair and efficient adjudication of this controversy.

112.     Class-wide relief is essential to compel Chase to properly collect and apply mortgage payments from debtors and abide by § 524 discharge injunctions.

113.     The interest of the Southern District of Ohio Class and Deem Current Order Subclass members in individually pursuing claims against Chase is slight because sanctions and damages for an individual action are relatively small for one of the largest mortgage loan servicers in the United States and are therefore not likely to deter Chase from engaging in the same behavior in the future.

114.     Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the violations at issue are subject to generalized proof and applicable to the Class and Subclass as a whole.

115.     Chase has acted on grounds generally applicable to the Southern District of Ohio Class and Deem Current Order Subclass, thereby making final injunctive relief and

corresponding declaratory relief with respect to the Southern District of Ohio Class as a whole appropriate.

116.     Moreover, on information and belief, Plaintiff alleges that the § 524 discharge injunction violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

### VI.     CAUSES OF ACTION - CONTEMPT OF COURT & REQUEST FOR SANCTIONS

*CHASE FAILED TO COMPLY WITH THIS COURT'S ORDERS AND THE BANKRUPTCY CODE*

117.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

118.     This Court issued several Orders in Plaintiff's bankruptcy case, including an Oder Confirming Chapter 13 Plan (Doc. 26), an Order Discharging Debtor (Doc. 63), and an Order Granting Trustee's Motion to Deem Mortgage Current (Doc. 64).

119.     The terms of the Order(s) issued by the Court required Chase to act responsibly and properly handle the mortgage debt owed by Plaintiff both during and after she completed her Chapter 13 Plan.

120.     Chase failed to comply with the U.S. Bankruptcy Code and Order(s) of this Court and should be held in contempt of this Court and sanctioned as appropriate.

**A.     Chase Violated U.S. Bankruptcy Code 11 U.S.C. § 541 and 11 U.S.C. § 1306 by Accumulating Funds in Plaintiff's Suspense Account without Notifying the Plaintiff, Trustee, or Court.**

121.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

122.     Chase failed to properly administer Plaintiff's Mortgage Loan during the repayment of her confirmed Chapter 13 Plan.

123.    Chase misapplied 5 payments in 2011 that were correctly sent to the trustee by Plaintiff.

124.    Chase's failure to properly administer Plaintiff's Mortgage loan during her Plan resulted in Chase accumulating $236.78 in Plaintiff's suspense account.

125.    This $236.78 is property of the estate pursuant to 11 U.S.C. § 541 and 11 U.S.C. § 1306.

126.    Chase failed to notify Plaintiff, the Court, or the Trustee of this amount in suspense, in violation of 11 U.S.C. § 541 and 11 U.S.C. § 1306.

127.    These allegations are applicable to the proposed Class and Subclass.

128.    Plaintiff requests this Court issue an Order finding Chase in Contempt of this Court, sanctioning Chase in the form of a declaratory judgment, injunctive relief, damages, disgorgement of its unlawful profits, costs and attorney's fees incurred by Plaintiff and the Southern District of Ohio Class in this action.

**B.    Chase is in Contempt of Court for attempting to Collect Amounts Discharged in Bankruptcy**

129.    Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

130.    Chase also failed to properly administer Plaintiff's Mortgage loan following successful completion of her Plan, even after repeatedly being told of its errors and even after being given numerous opportunities to correct its conduct.

131.    Chase rejected Plaintiff's requests to review the administration of Plaintiff's Mortgage Loan and resolve any errors.

132.     Chase attempted to collect and/or collected from Plaintiff certain arrearages, costs, fees, other charges and/or interest that were not permitted under Plaintiff's confirmed Chapter 13 Plan.

133.     Chase sent communications with demands that exceeded what it was lawfully entitled to collect post-bankruptcy.

134.     Chase continued to demand large payments from Plaintiff after this Court entered an Order to make Plaintiff's mortgage loan current due to payments that Chase misapplied during Plaintiff's Chapter 13 Bankruptcy.

135.     Chase attempted to collect from Plaintiff certain arrearages, costs, fees, other charges and/or interest that were discharged pursuant to 11 U.S.C. § 1328(a).

136.     The foregoing acts and omissions of Chase constitute numerous and multiple knowing and/or willful violations of 11 U.S.C. § 1328(a).

137.     The foregoing acts and omissions of Chase constitute numerous and multiple knowing and/or willful violations of 11 U.S.C. § 524 et seq.

138.     These allegations are applicable to the proposed Class and Subclass.

139.     Plaintiff requests this Court issue an Order finding Chase in Contempt of this Court, sanctioning Chase in the form of a declaratory judgment, injunctive relief, damages, disgorgement of its unlawful profits, costs and attorney's fees incurred by Plaintiff and the Southern District of Ohio Class in this action.

**C.     Chase Violated this Court's Deem Current Order and Order Discharging Debtor by Failing to Review a Debtor's Amortization Schedule to Ensure the Debtor's Principal Balance reflects the Balance Delineated in the Debtor's Original Amortization Schedule**

140.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

141.    Chase's policies and procedures violate this Court's Deem Current Orders because they do not ensure that the Debtor's principal balance is changed to reflect the principal balance delineated in the Debtor's original amortization schedule.

142.    Chase has thereby failed to comply with this Court's Order Confirming Chapter 13 Plan.

143.    Chase has thereby failed to comply with this Court's Order Discharging Debtor.

144.    Chase has thereby failed to comply with this Court's Order to Deem Mortgage Current.

145.    The foregoing acts and omissions of Chase constitute numerous and multiple knowing and/or willful violations 11 U.S.C. § 524 et seq.

146.    The foregoing acts and omissions of Chase constitute numerous and multiple knowing and/or willful violations of this Court's Deem Current Order (Doc 64).

147.    By failing to review Plaintiff's and other debtor's amortization schedule, Chase violated every Deem Current Order issued by this Court.

148.    Chase's errors and omissions, and consequent violations of the U.S. Bankruptcy Laws and Orders of the Court have caused Plaintiff actual damages, costs, and attorney's fees.

149.    Chase has shown a complete disregard towards the Order(s) of the Court and the U.S. Bankruptcy Code.

150.    These allegations are applicable to the proposed Class and Subclass.

151.    As a result, Chase should be held in contempt of this Court and sanctioned for its behavior.

152.    Plaintiff requests this Court issue an Order finding Chase in Contempt of this Court, sanctioning Chase in the form of a declaratory judgment, injunctive relief,

damages, disgorgement of its unlawful profits, costs and attorney's fees incurred by

Plaintiff  and the Southern District of Ohio Class in this action.

**D.      Chase Failed to Comply with Federal Rule of Bankruptcy Procedure 3002.1 by Changing a Debtor's Monthly Payment without Filing a Payment Change Notice**

153.      Plaintiff incorporates by reference all other paragraphs of this Complaint as if

fully stated herein.

154.      Defendant Chase has a pattern and practice of changing a debtor's payment

without filing the necessary notice pursuant to Federal Rule of Bankruptcy Procedure

3002.1(b).

155.      Defendant Chase changed Plaintiff's payment on January 1, 2014 without filing a

Payment Change Notice as required by the Federal Rules of Bankruptcy Procedure.

156.      Chase charged and collected $23.27 above and beyond the Chapter 13 Plan

amount for three months.

157.      Chase overcharged Plaintiff's account by $69.81.

158.      These allegations are applicable to the proposed Class and Subclass.

159.      This conduct constitutes abuse of the bankruptcy process and should not be

condoned by the Court.

160.      Pursuant to Federal Rule of Bankruptcy Procedure 3002.1(i)(2), Plaintiff requests

this Court sanction Chase and award punitive damages as well as attorney's fees incurred

by Plaintiff and the Southern District of Ohio Class.

**VIII.   PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court grant Plaintiff and all Class

Members the following relief in the form of sanctions against Defendant(s):

a)  An order finding Defendant(s) in contempt of court for its violation of § 524 discharge injunction; along with appropriate sanctions that may include any or all of the following:

b)  Injunctive relief prohibiting such violations of § 524 discharge injunction by Defendant(s) in the future;

c)  An order requiring Chase to correct the class members' accounts

d)  An order requiring Defendant(s) begin mailing corrected mortgage statements to debtors within thirty (30) days of any Order discharging a debtor pursuant to 11. § U.S.C. 1328(a);

e)  An order requiring Defendant(s) request that all major credit reporting agencies remove all negative credit references as to Plaintiff and the Class Members' mortgage loans subject to this action, as appropriate;

f)  Awarding  Plaintiff and the Southern District of Ohio Class all forms of damages in which each is entitled, including  compensatory damages to disgorge Defendant(s) from unlawful profits in an amount to be determined at trial for the wrongful acts complained of;

g)  An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

h)  Awarding Plaintiff and Southern District of Ohio Class punitive damages in an amount to be determined at trial for the wrongful acts complained of;

i)  An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing a Southern District of Ohio Class the Court deems appropriate, finding that Plaintiff is a proper representative of the  Southern District of Ohio Class, and appointing the lawyers and law firm representing Plaintiff as counsel for the Classes;

j)  Such other and further relief as the Court deems just and proper.

Dated:  June 8, 2018

Respectfully Submitted,
DOUCET & ASSOCIATES CO., L.P.A.

*/s/ Christopher J. Gant*_____
Troy J. Doucet, Trial Counsel (0086350)
Christopher J. Gant (0095730)
700 Stonehenge Parkway, Suite 2B
Dublin, Ohio 43017
Telephone: (614) 944-5219
Facsimile: (818) 638-5548
Troy@doucet.law
gant@doucet.law
*Attorneys for Plaintiff and the Putative Classes*

## JURY TRIAL DEMANDED

Plaintiff respectfully requests a jury trial on all triable issues, pursuant to 28 U.S.C. § 157(e) and Rule 9015.

*/s/ Christopher J. Gant*_____
Christopher J. Gant (0095730)

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2018, a copy of the foregoing First Amended and Class Action Complaint was served on the following registered ECF participants electronically through the court's ECF system at the email registered with the court pursuant to Fed.Civ.R.P.5(b)(3) and by ordinary U.S. Mail.

Dan Gibson, Esq.
BRICKLER AND ECKLER LLP
100 South Third Street
Columbus, Ohio 43215
dgibson@bricket.com

Kenneth M. Kliebard, Esq.
MORGAN, LEWIS & BROCKIUS LLP
77 West Wacker Drive, Suite 500
Chicago, Illinois 60601-5094
Kenneth.kliebard@morganlewis.com

David M. Whittaker
ISAAC WILES BURKHOLDER & TEETOR LLC
Two Miranova Place, Suite 700
Columbus, OH 43215
dwhittaker@isaacwiles.com

Frank M. Pees
Chapter 13 Trustee
130 E. Wilson Bridge Road
Suite 200
Worthington, OH 43085


*/s/ Christopher J. Gant*
Christopher J. Gant (0095730)